Mustafa Qadiri
9100 Wilshire Blvd., Ste 725E
Beverly Hills, CA 90212

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
Sept 8, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY   pd   DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**IFP Submitted**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUSTAFA QADIRI,**<br><br>Plaintiffs,<br><br>vs.<br><br>**ALVIN COX; ORANGE COUNTY SHERIFF'S DEPARTMENT; AND DOES 1 through 10,**<br><br>Defendants. | Case No. **8:25-cv-02025-MWC-SSC**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,& INJUNCTIVE UNDER 42 U.S.C 1983**<br><br>**(For the Amount of $9,000,000.00)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, **MUSTAFA QADIRI** (hereinafter "Plaintiff"), alleging the following based on his knowledge and belief:

1. At all relevant times herein, Plaintiff resides or soon will reside locally to California Central District Courthouse.

2. Defendant **ALVIN COX** (hereinafter "Defendant") is an individual residing locally to California Central District Courthouse.

3. **ORANGE COUNTY SHERIFF'S DEPARTMENT** (hereinafter "OCSD" or "Defendant") is at all times sued in its official capacity and is the local Sheriff's

1
**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,& INJUNCTIVE UNDER 42 U.S.C 1983**

Department located in Orange County California.

4. The true name or capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES 1 through 20 are unknown to Plaintiff at this time, who therefore sues such Defendants by such fictitious names, and will amend this Complaint to allege their true names and capacities when said Defendants are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named Defendants is responsible for the occurrences herein alleged and that Plaintiff's injury, as herein alleged, was proximately caused by said Defendants.

5. Plaintiff is informed and believes and thereon alleges that all times herein mentioned each of the Defendants sued herein as DOE were the agents, servants, employees or employers of their Co-Defendants, and in doing the things hereinafter alleged, were acting in the course and scope of their authority as such agents, servants, employees, or employers and with the permission and consent of their Co-Defendants.

## FACTUAL ALLEGATIONS

On July 14, 2025, Alvin Cox received a judgment of possession in the eviction case against Plaintiff.

On July 18, 2025, Alvin Cox mailed Plaintiff a Notice of Abandonment letter.

Within the notice of abandonment letter, Defendant Alvin Cox asserts *"when you vacated the premises at 35 Ridgeview, Irvine, Ca 92603, the following personal property remained: bedframes, mattresses, bedding, assorted clothing, household furnishing such as a sofa, tables, chairs, and multiple office chairs-printers, copiers, computers, file cabinets, exercise equipment, (Peloton bicycle and dumbbells) laundry balls, personal and business documents, and other miscellaneous personal and business documents."*

The content of the letter clearly indicates that Defendant Alvin Cox took possession of Plaintiff's property on July 18, 2025. However, since judgment of possession was entered only

4 days prior to Alvin Cox taking possession, there was no Sheriff Writ of execution issued by the court that authorized the Orange County Sheriff's Department to execute a lockout on July 18, 2025.

After receiving the notice of Abandonment letter from Alvin Cox, Plaintiff timely replied to abandonment letter and had Defendant Alvin Cox served.

The content of Plaintiff's letter stated: *"I am writing in response to receipt of a Notice of Abandonment Letter under Civil Code Section 1951.3. It is important to address this matter promptly to ensure my rights are protected and to avoid any potential legal complications. Under Civil Code Section 1951.3, you issued this notice based on your belief that the property has been abandoned. However, this does not preclude me from clarifying my intentions regarding the property or disputing the claim of abandonment. Firstly, I do not intend to abandon the premises, nor do I intend to abandon my personal property inside the premises. Secondly, the address where I can be reached you are fully aware that I am currently incarcerated at FCI Mkean, Federal Prison, located at 6975 PA-59, Lewis Run, PA 16738. Therefore, you can forward all future communications to me to that address just as you did with the notice of abandonment. Thirdly, it is unlawful to take the eviction into your own hands, as it will violate Civil Code 789.3. Mr. Cox, although you have obtained an unlawful detainer judgment recently on the property, only a sheriff can execute the lockout, which is literally only obtained by the filing of a writ of execution. If you obtained a writ of execution, please forward that to me, but also any kind of proof of a lockout date by the Sheriff. You cannot remove any property and you cannot change the locks to execute the lockout without the sheriff actually performing that act."*

Before Defendant Alvin Cox acquired the property in question, said property was mine by a title Deed. An illegal foreclosure took place which is pending in active litigation. Currently, there is four million dollar ($4,000,000.00) active mortgage belonging to Plaintiff on this property that and originated in 2006 when Plaintiff purchased the property.

3
**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,& INJUNCTIVE UNDER 42 U.S.C 1983**

Defendant Alvin Cox did not itemize and account for Plaintiff's two million dollars in personal watches and furniture in the property.

### FIRST CAUSE OF ACTION
(Illegal Lockout of Tenant-Against All Defendants)

Plaintiff hereby incorporates and herein by reference, all paragraphs contained in this complaint as if the same were fully set forth at length herein.

Pursuant to California Civil Code, Section 789.3(b)(1)-(3) quoted in pertinent part: "a landlord shall not, with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his or her residence, willfully Prevent the tenant from gaining reasonable access to the property by changing the locks or using a boot lock or by any other similar method or device; Remove outside doors or windows; or Remove from the premises the tenant's personal property, the furnishings, or any other items without the prior written consent of the tenant."

In the instant case, Defendant, Alvin Cox is intentionally refusing to comply with the California Civil Codes by proceeding with removing Plaintiff from the premises in light of the fact that he is a named tenant and he is not listed as a named tenant on the writ of possession they have, and is not an unnamed occupant. Thus, by locking Plaintiff out without Plaintiff, as a named tenant being allowed the right to an eviction by judicial process.

Defendant, Orange County Sheriff's Department is also in violation of California Civil Code, Section 789.3, since it executed a lockout on July 18, 2025 without verifying or confirming with the Defendant if Defendant had a writ of execution that allowed the Sheriff to perform a lockout.

Specifically, Defendant Alvin Cox and OCSD acted with conscious disregard and malice of Plaintiff's right to be free from being evicted without judicial process.

As a direct and proximate cause of this illegal lockout, Plaintiff continues to suffer economic damages, out of pocket expenses, and unfortunate pain and suffering.

**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,& INJUNCTIVE UNDER 42 U.S.C 1983**

## SECOND CAUSE OF ACTION
(Procedural Due Process Violation of the 14th Amendment-Against OCSD)

Plaintiff hereby incorporates and herein by reference, all paragraphs contained in this complaint as if the same were fully set forth at length herein.

The right to be heard prior to the deprivation of a property interest is a fundamental protection of the Due Process clause. "[T]here can be no doubt that at a minimum [the Due Process Clause] require^] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "A constitutionally protected property interest results `from a legitimate claim of entitlement ... defined by existing rules or understandings that stem from an independent source.'" Groten v. California,251 F.3d 844, 850 (9th Cir. 2001), quoting Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Here, Plaintiffs have a legitimate property interest in collecting rent under its leases, as well as the incursion of costs associated with any eviction procedures that the Ordinance requires a landlord to undertake if a tenant is found to be an illegal alien.

Defendant, OCSD is intentionally refusing to comply with the California Civil Code, Section 789.3(b)(1)-(3) quoted in pertinent part: "a landlord shall not, with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his or her residence, willfully Prevent the tenant from gaining reasonable access to the property by changing the locks or using a boot lock or by any other similar method or device; Remove outside doors or windows; or Remove from the premises the tenant's personal property, the furnishings, or any other items without the prior written consent of the tenant."

Furthermore, Defendant, OCSD lacked authority to enforce a lockout against Plaintiff since Defendant OCSD did not obtain a court writ of possession.

At all times, Defendant OCSD is and was acting and was acting under the color of State law while pursuing to illegally lock Plaintiff out of his premises without due process.

Specifically, Defendant OCSD acted with conscious disregard and malice of Plaintiff's right to be free from being evicted without judicial process.

As a direct and proximate cause of this illegal lockout, Plaintiff continues to suffer economic damages, out of pocket expenses, and unfortunate pain and suffering.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against the Defendants and each of them as follows:

1. For all compensatory damages in the amount according to proof above and beyond **$9,000,000.00**

4. For all statutory damages in the amount according to proof;

5. For punitive damages in the amount of **$81,000,000.00**

8. For attorney's fees and costs of suit;

9. For such other relief that the court may deem just and proper.

Dated: September 08, 2025

                                              MUSTAFA QADIRI

                                              /s/Mustafa Qadiri
                                            By: Mustafa Qadiri

**COMPLAINT FOR DAMAGES, EQUITABLE RELIEF,& INJUNCTIVE UNDER 42 U.S.C 1983**